# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
(FORT MYERS DIVISION)

| | |
|---|---|
| JUAN ANDRES VELAZQUEZ MARTINEZ,<br><br>Plaintiff,<br><br>-against-<br><br>TRANS UNION, LLC and RENT-A-CENTER, INC.,<br><br>Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED |

Plaintiff Juan Andres Velazquez Martinez ("Plaintiff") brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel, and upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff suffered harm as a result of false and inaccurate information published by defendant Trans Union, LLC ("Trans Union" or "CRA Defendant"), a consumer reporting agency ("CRA") as defined under 15 U.S.C. § 1681a(f).

2. Through the publication of consumer background reports, as that term is defined by 15 U.S.C. § 1681a(d), CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, including the inaccurate reporting of the payment status with respect to an installment

loan issued by defendant Rent-A-Center, Inc. ("RAC" or "Furnisher Defendant"). Specifically, the payment status on the RAC account should not have stated "Account 60 Days Past Due Date."

3. Despite receiving correspondence from Plaintiff, or notice thereof, disputing the inaccurate reporting of the payment status of such accounts, CRA Defendant and Furnisher Defendant (collectively, "Defendants") willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information.

4. Egregiously, CRA Defendant failed to delete the inaccurate information notwithstanding the fact that Plaintiff *disputed the materially misleading inaccuracies in writing* via CRA Defendant's mechanisms and procedures established to dispute consumer credit information.

5. Upon receipt of Plaintiff's dispute, CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, following the performance of the reasonable investigation, remove any inaccurate information. Had Defendants performed reasonable investigations they would have determined that the accounts with a "$0" balance could not be late and past due, as such circumstances are inherently contradictory and nonsensical.

6. Furnisher Defendant, upon information and belief, received notice from CRA Defendant that Plaintiff disputed the inaccuracies on Plaintiff's consumer background reports alleged herein. Furnisher Defendant failed to conduct a reasonable investigation with respect to the disputed information within 30 to 45 days.

7. CRA Defendant willfully, intentionally, recklessly, and negligently failed to meet its obligations in violation of the FCRA, §§ 1681 *et seq*. of Title 15 of the United States Code, including § 1681e(b), which obligates CRA Defendant to instate and follow reasonable procedures

and policies to ensure maximum possible accuracy of information in consumer background reports. CRA Defendant willfully, intentionally, recklessly, and negligently violated § 1681i, which required it to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letter. After receiving notice of Plaintiff's dispute from CRA Defendant, Furnisher Defendant failed to conduct a reasonable investigation with respect to the disputed information in violation of § 1681s-2(b).

8. Plaintiff brings this action in order to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of erroneous credit reports.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

11. Plaintiff is a resident of Cape Coral, Florida and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c). Plaintiff is an individual (and not an entity).

**Defendants**

12.     Defendant Trans Union, LLC is a consumer reporting that regularly conducts business in this judicial district.  Defendant Trans Union has a principal place of business located at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon Prentice Hall Corp. Systems, Inc., its registered agent for service of process at 1201 Hays Street, Tallahassee, FL 32301.  Defendant Trans Union qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disburses consumer background reports for remuneration to third parties.

13.     Defendant Rent-A-Center, Inc. is a rent-to-own company, renting out big items like furniture, appliances, and electronics.  Defendant RAC has its principal place of business located at 5501 Headquarters Drive, Plano, Texas 75024, is registered to do business in the State of Florida, and may be served with process upon C T Corporation System,  its registered agent for service of process at 1200 South Pine Island Road, Plantation, Florida 33324.  Defendant RAC qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

### SUBSTANTIVE ALLEGATIONS

The FCRA

14.     As described below, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) states as follows:

> The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

15. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports by establishing reasonable policies and procedures in order to comport with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding consumers disputes and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

16. CRA Defendant compiles, maintains, and reports information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff has a legally protected interest in CRA Defendant fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

17. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation with respect to the disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information. At a minimum, furnishers are required to mark the status of the tradeline/account as disputed on the consumer's background reports.

**RAC**

18.     Upon information and belief, on a date better known to CRA Defendant, consumer background reports concerning Plaintiff were issued by CRA Defendant that included inaccurate information regarding the payment status of a RAC loan account.

19.     Plaintiff's payment obligation on the RAC account ceased, yet CRA Defendant and RAC still reported in nonsensical fashion the payment status of that account as "Account 60 Days Past Due Date" on Plaintiff's consumer background reports.  Moreover, the reporting of the account should not have contained the "Account 60 Days Past Due Date" language to describe the payment status considering that the account was showing a zero balance.  Had CRA Defendant and RAC performed a reasonable investigation, they would have determined that the account with a "$0" balance could not be late and past due, as such circumstances are inherently contradictory and nonsensical.

20.     On February 7, 2020, Plaintiff sent a letter to CRA Defendant disputing the accuracy of the reporting of the RAC account.  The payment status of the RAC account should not have contained the "Account 60 Days Past Due Date" language for the reasons stated above.  This reporting is extremely misleading, as such reporting causes lenders to believe Plaintiff is currently late on the payments for this account, negatively reflecting on Plaintiff's credit worthiness.  This inaccuracy also misleads prospective lenders into believing that Plaintiff has an obligation to pay a monthly amount to RAC, when that is not so, ultimately giving the perception that Plaintiff's overall disposable monthly income is less than it really is.

21.     Upon information and belief, CRA Defendant notified RAC about Plaintiff's dispute.  Upon receipt of the notice of the dispute, RAC failed to conduct a reasonable investigation

with respect to the inaccurate "Account 60 Days Past Due Date" language and continued to report the incorrect status of the RAC account on Plaintiff's consumer background reports.

**Plaintiff suffered harm from CRA Defendant's willful, intentional, reckless, and/or negligent misconduct**

22. CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

23. The inaccurate information includes the nature of Plaintiff's tradelines/accounts, as well as personal identifying information, including, but not limited to, the RAC loan account. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer, and Plaintiff's overall credit worthiness.

24. After noticing the inaccuracies reported by CRA Defendant, Plaintiff disputed them in writing via CRA Defendant's mechanisms and procedures established to dispute consumer credit information. Despite being placed on notice of the inaccuracies, CRA Defendant has sent Plaintiff correspondence indicating its intent to continue reporting the inaccurate information. The inaccurate information continues to be published in Plaintiff's consumer background reports.

25. Subsequent to CRA Defendant's correspondence indicating its intent to continue reporting the inaccurate information, Plaintiff was denied the extension of further credit on the basis of the inaccurate reporting.

26. Upon information and belief, CRA Defendant contacted Furnisher Defendant and notified Furnisher Defendant of the dispute. As part of any reasonable or even rudimentary investigation or re-investigation, CRA Defendant should have then sent all the relevant evidence/facts to Furnisher Defendant and requested an explanation as to the reason the payment status fields were reported in an intrinsically contradictory manner. CRA Defendant never: (i)

contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (ii) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (iii) forwarded any relevant information concerning Plaintiff's disputes to Furnisher Defendant; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. CRA Defendant willfully, intentionally, recklessly, and negligently failed to take any of these steps subsequent to Plaintiff's disputes, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendant failed to maintain adequate policies and procedures**

27. CRA Defendant systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer background reports it published.

28. Upon receipt of Plaintiff's dispute, CRA Defendant was legally required to (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute, and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

29. CRA Defendant failed to take these steps in violation of the FCRA and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

### COUNT I

**Against CRA Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

30. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

31. The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

32. Under 15 U.S.C. § 1681i, *inter alia*:

(a) Reinvestigations of Disputed Information

(1) Reinvestigation Required

> *In general*. …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> (2) Prompt Notice of Dispute to Furnisher of Information
>
> (A) *In general.* ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

33. In violation of §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report. Plaintiff disputed the inaccurate information and still CRA Defendant willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

34. In violation of §§ 1681n and 1681o, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury and is, therefore, liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Furnisher Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681s-2(b)

35. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

36. Under 15 U.S.C. § 1681s-2(b), *inter alia*:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) *conduct an investigation with respect to disputed information*;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information….

(Emphasis added).

37. Furnisher Defendant failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice from CRA Defendant concerning Plaintiff's dispute. Furnisher Defendant further willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to CRA Defendant.

38. Instead of removing the inaccurate information, Furnisher Defendant improperly claimed that the inaccurate information is verified and verified the inaccurate information to CRA Defendant in response to Plaintiff's disputes.

39. Furnisher Defendant's conduct was a direct and proximate cause in causing the damages suffered by Plaintiff.  As a result of Furnisher Defendant's misconduct complained about herein, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

40. As a result of Furnisher Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 19, 2020                    **COHEN & MIZRAHI LLP**
                                         YOSEF STEINMETZ
                                         Florida Bar No. 119968

                                         _/s/ Yosef Steinmetz_
                                         YOSEF STEINMETZ

                                         300 Cadman Plaza West, 12th Floor
                                         Brooklyn, NY 11201
                                         Telephone:  929/575-4175
                                         929/575-4195 (fax)
                                         yosef@cml.legal

*Attorneys for Plaintiff*